**ESTATE OF John RICK, Jr., by Peg RICK, personal representative, and Peg Rick, Individually, Tricia Rick, and Sara Rick, Plaintiffs,**

v.

**Gilmore STEVENS, Q Carriers, Inc., a Minnesota corporation, and Valley Ridge Leasing, Inc., a Minnesota corporation, Defendants.**

No. C 00–4144–MWB.

United States District Court,
N.D. Iowa,
Western Division.

June 11, 2001.

William K. Stoos, William Kevin Stoos, P.C., Sioux City, IA, for plaintiffs.

John Werner, Grefe & Sidney, PLC, Des Moines, IA, for defendants.

MEMORANDUM OPINION AND OR-
DER REGARDING DEFEN-
DANTS' MOTIONS TO DISMISS
FOR LACK OF PERSONAL JUR-
ISDICTION AND FORUM NON
CONVENIENS

BENNETT, Chief Judge.

## TABLE OF CONTENTS

I. INTRODUCTION .................................................1029

II. LEGAL ANALYSIS...............................................1030
 A. Personal Jurisdiction .......................................1030
 1. Principles of personal jurisdiction..................................1030
 2. Application of the principles ......................................1032
 B. Forum Non Conveniens ......................................1034
 1. Applicable principles.............................................1035
 2. Application of the principles .....................................1037
 a. Dismissal pursuant to the forum non conveniens doctrine ..........1037
 b. Transfer pursuant to § 1404(a)..................................1039

III. CONCLUSION ..................................................1040

Where should this case be litigated? In this case, although the plaintiffs' decedent's estate is in Iowa, two of the defendants contend that they have insufficient contacts with the forum and there is insufficient relationship between their contacts with the forum and the plaintiffs' personal injury claims for the exercise of personal jurisdiction over them to comport with due process. These defendants also contend that the forum is too inconvenient for this litigation to proceed here. Therefore, the court is presented with separate motions by the two defendants to dismiss this action for lack of personal jurisdiction over them and their joint motion to dismiss or transfer this action pursuant to the *forum non conveniens* doctrine.

### I. INTRODUCTION

This diversity action involves personal injury claims arising from an automobile accident in Juneau County, Wisconsin, on January 8, 1999. Plaintiffs' decedent, John Rick, Jr., an Iowa resident, suffered

fatal injuries in an accident involving his vehicle, two vehicles driven by Wisconsin residents, and a semi-trailer truck operated by defendant Gilmore Stevens, a South Carolina resident, and leased from defendant Valley Ridge Leasing, Inc. (Valley Ridge), a Minnesota corporation. At the time of the accident, Gilmore was hauling a load as an employee or independent contractor of defendant Q Carriers, Inc., a Minnesota corporation.

This matter comes before the court pursuant ·to the separate motions to dismiss for lack of personal jurisdiction filed on December 8, 2000, by Valley Ridge and Stevens. The plaintiffs, collectively referred to herein as "Rick's Estate," resisted that motion on April 5, 2001, after various extensions of time to obtain discovery. Following a telephonic conference on April 27, 2001, Valley Ridge and Stevens also filed a joint motion to dismiss or transfer based on *forum non conveniens* on May 10, 2001.[1] Rick's Estate resisted that motion on May 11, 2001.

---

1. The defendants' motion was denominated a "Motion To Dismiss Based On Doctrine Of *Forum Non Conveniens,*" but the defendants

argued, *inter alia,* that this action should be dismissed or transferred owing to the inconvenience of the forum.

The court heard oral arguments on the defendants' motions to dismiss and for a change of venue on Friday, May 25, 2001. At the oral arguments, plaintiff Estate of John Rick, Jr., and individual plaintiffs Peg Rick, Tricia Rick, and Sara Rick were represented by William K. Stoos of William Kevin Stoos, P.C., in Sioux City, Iowa. Defendants Valley Ridge Leasing, Inc., and Gilmore Stevens were represented by John Werner of Grefe & Sidney, P.L.C., in Des Moines, Iowa.

## II. LEGAL ANALYSIS

### A. Personal Jurisdiction

Although they challenged personal jurisdiction separately, defendants Valley Ridge and Stevens both contend that they do not regularly conduct business in Iowa in such a way that they should be subjected to the jurisdiction of this court. Specifically, they contend that neither has an agent, office, bank accounts, a residence, or property in this state, and neither solicits any business here. Although both acknowledge business "contacts" with Iowa, they contend that such contacts are relatively infrequent and fortuitous. Valley Ridge contends that it is a Minnesota corporation with only 9 of its 164 contracts for leases on tractor trailers with Iowa residents. Stevens contends that he is a resident of South Carolina and that his truck routes for Q Carriers only occasionally take him through Iowa or involve hauling freight into or out of Iowa. What each of the defendants contends is fatal to the assertion of personal jurisdiction in this case, however, is that none of their contacts with this forum has any relationship to Rick's Estate's cause of action arising from a vehicle accident in Wisconsin. To the extent that convenience of the forum weighs in the personal jurisdiction analysis, they both contend that the accident occurred in Wisconsin, relevant witnesses,

including other drivers, medical and law enforcement personnel, and other witnesses reside in or could more conveniently appear in Wisconsin.

Rick's Estate contends that, contrary to Valley Ridge's and Stevens's assertions, these defendants have frequent and extensive contacts with Iowa, and that Valley Ridge specifically solicits business in this state via its website. Rick's Estate also contends that Valley Ridge, Stevens, and Q Carriers—which has not challenged personal jurisdiction—are effectively alter egos of each other in the way they conduct their business in this and other states, such that it is appropriate to extend personal jurisdiction over Q Carriers to Valley Ridge and Stevens. For example, Rick's Estate points out that trucks leased from Valley Ridge traveled over 1.5 million miles in Iowa per year in the course of fulfilling Q Carriers's contracts, including contracts with several packing plants in Iowa. Rick's Estate also points out that Stevens has made dozens of trips through Iowa or to pick up or deliver freight in Iowa in the course of his employment or contractor relationship with Q Carriers. Rick's Estate contends that these defendants' extensive and frequent contacts with Iowa are sufficient to confer "general" jurisdiction over them, notwithstanding the lack of a nexus between their contacts and the accident at the heart of the claims in this action.

### 1. Principles of personal jurisdiction

■ This court recently summarized the requirements of personal jurisdiction, and the appropriate analytical process to determine whether a federal court has such jurisdiction, as follows:

> The determination of whether or not a federal court has personal jurisdiction over a nonresident defendant involves a two-step analysis. *Genetic Implant Sys., Inc. v. Core–Vent Corp.*, 123 F.3d

1455, 1457–58 (Fed.Cir.1997); *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir.1995); *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir.), *cert. denied*, 506 U.S. 908, 113 S.Ct. 304, 121 L.Ed.2d 227 (1992); *Wines v. Lake Havasu Boat Mfg., Inc.*, 846 F.2d 40, 42 (8th Cir.1988). First, the court must decide whether the facts satisfy the forum state's long-arm statute. *Northrup King Co.*, 51 F.3d at 1387; *Wines*, 846 F.2d at 42. If the statute has been satisfied, then the court must address whether the facts show that the nonresident has minimum contacts with the forum state such that the court's exercise of jurisdiction would be fair and in accordance with the due process clause of the Fourteenth Amendment. *Northwest Airlines, Inc. v. Astraea Aviation Services, Inc.*, 111 F.3d 1386, 1390 (8th Cir.1997); *Moog World Trade Corp. v. Bancomer, S.A.*, 90 F.3d 1382, 1384 (8th Cir.1996); *Genetic Implant Systems, Inc.*, 123 F.3d 1455, 1457–58; *Northrup King Co.*, 51 F.3d at 1387; *Soo Line R.R. Co. v. Hawker Siddeley Canada, Inc.*, 950 F.2d 526, 528 (8th Cir.1991); *Wines*, 846 F.2d at 42.

### 1. Long-arm authority

█ In this case, the long-arm authority for defendant's service was Iowa Rule of Civil Procedure 56.2, which gives Iowa courts jurisdiction to the fullest constitutional extent. *See Larsen v. Scholl*, 296 N.W.2d 785, 788 (Iowa 1980); *Aquadrill, Inc. v. Envtl. Compliance Consulting Services, Inc.*, 558 N.W.2d 391, 392 (Iowa 1997) (citing *Larsen*). Because the rule has been interpreted to confer jurisdiction to the fullest extent permitted by the due process clause, the personal jurisdiction inquiry here collapses into the single question of whether exercise of personal jurisdiction comports with due process. *See Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir.1994).

### 2. Minimum Contacts

█ Under the due process clause, the constitutional touchstone is whether [the defendant] has established sufficient minimum contacts with Iowa such that the exercise of jurisdiction here does not offend traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Northwest Airlines, Inc.*, 111 F.3d at 1390. In determining minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

*Wells' Dairy, Inc. v. Estate of J.P. Richardson*, 89 F.Supp.2d 1042, 1047–49 (N.D.Iowa 2000); *see also Foslip Pharmaceuticals, Inc. v. Metabolife Int'l, Inc.*, 92 F.Supp.2d 891, 899–900 (N.D.Iowa 2000) (quoting *Wells' Dairy*). In this case, the parties agree that the long-arm authority in question is Iowa Rule of Civil Procedure 56.2 and that the personal jurisdiction inquiry consequently collapses into the single question of whether exercise of personal jurisdiction comports with due process. *See id.* at 1048–49.

█ Due process requires that the defendant have sufficient minimum contacts with the forum that the defendant will have a "reasonable anticipation" of being haled into court in the forum. *Id.* at 1049. To create that "reasonable anticipation," "there must be 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Bell Paper*, 22 F.3d at 818). On that question,

as this court also explained in *Wells' Dairy,*

### a. Specific v. general jurisdiction

■ There are two broad types of personal jurisdiction: specific jurisdiction and general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16, 104 S.Ct. 1868, 1872–73, 80 L.Ed.2d 404 (1984); *Bell Paper,* 22 F.3d at 819. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. at 1872. Specific jurisdiction may not be exercised where none of the actions complained of occurred within or had any connection to the forum state. *Sondergard v. Miles, Inc.,* 985 F.2d 1389, 1392 (8th Cir.1993). The non-resident's contacts with the forum may be based on contacts by its representative, in light of the Supreme Court's conclusion that "when commercial activities are carried on in behalf of an out-of-state party those activities may sometimes be ascribed to the party, at least where [it] is a primary participant in the enterprise and has acted purposefully in directing those activities." *Burger King Corp.,* 471 U.S. at 480 n. 22, 105 S.Ct. at 2186 n. 22.

In contrast, general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose. *Id.* at 415, 104 S.Ct. at 1872. For general jurisdiction to exist, the non-resident defendant must be engaged in "continuous and systematic contacts" within the forum. *Helicopteros,* 466 U.S. at 416, 104 S.Ct. at 1872–73. "In this situation the forum state has no direct interest in the specific cause of action asserted. Accordingly, contacts of a more extensive quality and nature are required." *Dalton v. R & W*

*Marine, Inc.,* 897 F.2d 1359, 1362 (5th Cir.1990).

### b. The five factor test

■ The test for evaluating the propriety of personal jurisdiction under the due process clause requires the court to consider the following five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Northrup King Co.,* 51 F.3d at 1388; *Bell Paper,* 22 F.3d at 818; *Gould,* 957 F.2d at 576 (citing *Aaron Ferer & Sons Co. v. Diversified Metals Corp.,* 564 F.2d 1211, 1215 (8th Cir. 1977)); *Dakota Indus.,* 946 F.2d at 1390; *Land–O–Nod Co. v. Bassett Furniture Indus., Inc.,* 708 F.2d 1338 (8th Cir. 1983). Of these factors, the first three are the most important. *Northrup King Co.,* 51 F.3d at 1388 (first three factors are closely related, while "[t]he latter two issues are 'secondary factors' in the inquiry"); *Dakota Indus.,* 946 F.2d at 1390. In particular, the Eighth Circuit Court of Appeals has concluded that a defendant has insufficient contacts with the forum state where the defendant has no office or agent or representative or employees in the forum state, does not do business in the forum state, *Jarvis and Sons v. Freeport Shipbuilding,* 966 F.2d 1247, 1250 (8th Cir.1992), has no bank accounts or property in the forum, does not advertise or solicit any business in the state, and does not design products for use in the state. *Gould,* 957 F.2d at 576.

*Wells' Dairy,* 89 F.Supp.2d at 1049–50.

### 2. Application of the principles

■ Here, Rick's Estate concedes that its causes of action do not arise from and

are not related to the actions of either Valley Ridge or Stevens within the forum state, so that "specific jurisdiction" is not at issue. *See id.* Instead, Rick's Estate specifically premises its assertion that the court has personal jurisdiction over these defendants on "general jurisdiction." *See id.* at 1050. Nevertheless, Valley Ridge and Stevens contend that, under the third factor in the five-factor test of personal jurisdiction, the lack of any relation between the cause of action and the contacts at issue is fatal to personal jurisdiction over them.

Before the court runs ahead of itself to consideration of the third factor, however, it is appropriate to consider the other four factors in that test. As to the first two factors, the court finds that Rick's Estate has established that both defendants' contacts with the forum are of a nature, quality, and quantity sufficient to satisfy due process. *See id.* (first two factors are "the nature and quality of contacts with the forum state" and "the quantity of the contacts with the forum state"). While Valley Ridge's lease contracts with Iowa residents may constitute a relatively small percentage of Valley Ridge's lease contracts generally, nine such contracts do not amount to merely "random" or "fortuitous" business relations in this state, but instead suggest a purposeful direction of activities at residents of this forum. *See id.* at 1049 (quoting *Dakota Indus.*, 946 F.2d at 1389). Similarly, Stevens has made dozens of trips into and through Iowa driving for Q Carriers, and those trips have included delivery or pickup of loads in Iowa fulfilling terms of Q Carriers' contracts with Iowa business, and more importantly, fulfilling terms of Stevens's contracts with Q Carriers through conduct in Iowa. While Iowa may have little interest in resolution of a dispute concerning an accident in Wisconsin, it does have some interest in resolution of a dispute involving an Iowa estate. *See id.* at 1050 (fourth factor is "the interest of the forum state in providing a forum for its residents"). The fifth factor, convenience of the parties, is not determinative here, as the court will explain more fully below. *See id.* (fifth factor in the personal jurisdiction analysis is "convenience of the parties"). Thus, the question becomes, what is the impact of lack of a relationship between the cause of action and the contacts in a case in which personal jurisdiction is premised on "general" rather than "specific" jurisdiction? *See id.* (third factor is "the relation of the cause of action to the contacts").

The defendants' argument that the lack of any relation between the cause of action and the contacts is "fatal" to personal jurisdiction here demonstrates a misunderstanding of the difference between "specific jurisdiction" and "general jurisdiction." It is precisely where the plaintiff's cause of action arises out of the defendant's contacts with the forum that "specific jurisdiction" attaches, even in the absence of any of the other factors in the five-factor test. However, the lack of such a relationship means that the plaintiff must rely instead on "general jurisdiction." As the Eighth Circuit Court of Appeals has explained,

> We have further elaborated on the third factor—the relationship of the cause of action to the contacts—to distinguish between specific and general jurisdiction. *Bell Paper Box*, 22 F.3d at 819 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8–9, 104 S.Ct. 1868, 1872 nn. 8–9, 80 L.Ed.2d 404 (1984)).

> Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.

*Id.* (internal alterations omitted).

> *General jurisdiction refers to the power of a state to adjudicate any cause of action and does not depend on the relationship between the cause of action and the contacts. Wessels, Arnold & Henderson v. National Medical Waste, Inc.,* 65 F.3d 1427, 1432 n. 4 (8th Cir. 1995). Where specific personal jurisdiction over a non-resident is asserted, due process is satisfied if the defendant has purposely directed its activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities. *Id.*

*Burlington Indus., Inc. v. Maples Indus., Inc.,* 97 F.3d 1100, 1102–03 (8th Cir.1996) (emphasis added); *Digi–Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.,* 89 F.3d 519, 522 n. 4 (8th Cir.1996) ("This third factor distinguishes whether the jurisdiction is specific or general. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant regardless of where the cause of action arose.") (citations omitted); *see generally Wessels, Arnold & Henderson v. Nat'l Medical Waste, Inc.,* 65 F.3d 1427, 1432 & n. 4 (8th Cir.1995). Thus, in *Burlington Industries,* the Eighth Circuit Court of Appeals held that there were insufficient contacts to support a finding of general jurisdiction and insufficient contacts related to the cause of action, in the form of telephone calls, to establish specific jurisdiction. *Id.* at 1103; *see also Digi–Tel Holdings,* 89 F.3d at 522 n. 4 ("The alleged contacts in the present action are related to the dispute that resulted in this suit, and therefore we have an assertion of specific rather than general jurisdiction.").

In light of the distinction between specific and general jurisdiction on the basis of the relationship between the contacts with the forum and the cause of action, the lack of any connection between the contacts here and the cause of action defeats only "specific jurisdiction." *See id.* However, "general jurisdiction" is asserted here, and, as explained above, the other factors in the analysis establish that exercise of such jurisdiction is consistent with due process, in light of the nature, quality, and quantity of the defendants' contacts with the forum, and the interest of the forum state in providing a forum for a resident plaintiff, regardless of where the cause of action arose. *Id.*

The motions to dismiss for lack of personal jurisdiction filed by defendants Valley Ridge and Stevens will therefore be denied.

### B. *Forum Non Conveniens*

■ In a joint motion, defendants Valley Ridge and Stevens also seek dismissal of this action under the doctrine of *forum non conveniens.* The defendants must rely on this doctrine, notwithstanding that Iowa is undoubtedly the "wrong" forum under 28 U.S.C. § 1391(a),[2] because the

---

2. Venue is improper here under the applicable federal statute for venue in diversity cases, 28 U.S.C. § 1391(a), because this is not "a judicial district where any defendant resides, if all defendants reside in the same State," where Stevens is a resident of South Carolina and the other defendants are residents of Minnesota; it is not "a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated," where the cause of action arose from events in Wisconsin and no property in this forum is at issue; and it is not "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought," because the action could "otherwise" have been brought in Wisconsin. *See* 28 U.S.C. § 1391(a).

defendants waived a contention that venue was improper, not simply inconvenient, by failing to move for dismissal on that basis pursuant to Rule 12(b)(3) in their motion challenging personal jurisdiction, and because they subsequently failed to amend their motion to assert a challenge based on improper venue.[3]

The defendants argue that this forum is inconvenient for several reasons: (1) the accident giving rise to the action occurred in Wisconsin; (2) the drivers of the other vehicles involved in the accident are residents of Wisconsin; (3) Wisconsin State Patrol officers investigated the accident scene; (4) emergency medical technicians and medical personnel who treated the plaintiff's decedent and other injured persons are located in Wisconsin; (5) plaintiff's decedent was transported to a Wisconsin hospital via Wisconsin Med Flight; (6) another driver involved in the accident was transported to a Wisconsin hospital by Wisconsin Dells Ambulance; (7) the substantive law applicable to the claims in the case is Wisconsin law; (8) a Wisconsin jury would have the advantage of an opportunity to view or be familiar with the scene of the accident; (9) defendant Q Carriers does substantially more of its business in Wisconsin than in Iowa and has a designated agent for service there; and (10) Rick's Estate will not unnecessarily be burdened by litigating in Wisconsin. In response, Rick's Estate contends that there is no compelling reason to disturb its choice of forum, because this forum is no less convenient for the parties than Wisconsin. Rick's Estate contends further that the defendants have left out of their list witnesses who will not find Iowa any less convenient than Wisconsin, including the plaintiffs, the owners of Q Carriers and Valley Ridge, Gilmore Stevens, an eyewitness named Barry Heine, and two of plaintiffs' experts. Rick's Estate also contends that other non-party witnesses can be deposed in this case and their testimony videotaped for presentation at trial.

### 1. Applicable principles

 As the Supreme Court has explained, under the doctrine of *forum non conveniens,* " 'when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems, 'the court may, in the exercise of its sound discretion,' dismiss the case, even if jurisdiction and proper venue are established.' " *American Dredging Co. v. Miller,* 510 U.S. 443, 447–48, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). *Forum non conveniens* is a discretionary doctrine which vests in the district courts the power to abstain from the exercise of jurisdiction "even where authorized by statute if 'the litigation can more appropriately be conducted in a foreign tribunal.' " *De Melo v. Lederle Labs.,* 801 F.2d 1058, 1060 (8th Cir.1986).

 As this court recently explained in *Wells' Dairy, Inc. v. Estate of Richardson,* 89 F.Supp.2d 1042 (N.D.Iowa 2000),

---

**3.** The defendants originally expressly conceded that venue was proper, although their concession was mistakenly based on the Iowa venue statute, not the applicable federal statute for diversity cases, and they acknowl-

edged that they had waived the issue of improper venue in their reply briefs in support of dismissal in which they recognized their mistake about the applicable venue provision.

The principles that govern a motion to dismiss on *forum non conveniens* grounds are well settled. The Court must first determine whether there is an adequate alternative forum available in which the dispute can be resolved. If there is such a forum, the Court must balance a number of factors in order to determine whether they outweigh the deference ordinarily attended to the plaintiff's choice of forum. *See Mizokami Bros. of Arizona [v. Mobay Chem. Corp.]*, 660 F.2d [712,] 717–18 [ (8th Cir. 1981) ]. In the seminal decision of *Gulf Oil v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Court enumerated a nonexhaustive list of factors which must be considered in the *forum non conveniens* equation. The Court categorized these considerations into "private interest," and "public interest" factors. The private interest factors consist of the following:

1) relative ease of access to sources of proof;

2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;

3) possibility of view of the premises, if view would be appropriate to the action; and

4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419, quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055. The public interest factors consist of the following:

1) administrative difficulties flowing from court congestion;

2) the forum's interest in having localized controversies decided at home;

3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;

4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and

5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055).

Under this analysis, the defendant bears the ultimate burden of persuasion in satisfying the court that a *forum non conveniens* dismissal is appropriate. *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1389 (8th Cir.1995). In addition, the Eighth Circuit Court of Appeals reiterated that the "central principle of the *Gilbert* doctrine" is that, in weighing these factors, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reid–Walen v. Hansen*, 933 F.2d 1390, 1394 (8th Cir.1991) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055).

*Wells' Dairy, Inc.*, 89 F.Supp.2d at 1055.

Similarly, the federal "transfer" statute, 28 U.S.C. § 1404(a), provides as follows:

**§ 1404. Change of venue**

(a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). As this court has also noted,

The Tenth Circuit Court of Appeals has observed that

[a]lthough drafted in accordance with the *forum non conveniens* doctrine, the statute was intended to revise

rather than merely codify the common law. Courts therefore enjoy greater discretion to transfer a cause pursuant to § 1404(a) than to dismiss the action based upon *forum non conveniens.*

*Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir. 1991) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 253, 102 S.Ct. 252, 264–65, 70 L.Ed.2d 419 (1981)); *Howe v. Goldcorp Inv., Ltd.,* 946 F.2d 944, 947 (1st Cir.1991) (also elucidating the relationship between § 1404(a) and the common-law doctrine of *forum non conveniens* ), *cert. denied,* 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 418 (1992).

*Terra Int'l, Inc. v. Mississippi Chem. Corp.,* 922 F.Supp. 1334, 1355 (N.D.Iowa 1996), *aff'd,* 119 F.3d 688 (8th Cir.), *cert. denied,* 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997); *accord Wisland v. Admiral Beverage Corp.,* 119 F.3d 733, 735 & n. 2 (8th Cir.1997) ("Transfer is allowed under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, and the chance for unfair prejudice or forum shopping is minimized because the district court is required to consider the interests of all involved in deciding whether to allow a transfer" and "historical and statutory notes associated with this section indicate that '[s]ubsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though venue is proper'"), *cert. denied,* 522 U.S. 1112, 118 S.Ct. 1043, 140 L.Ed.2d 108 (1998). Indeed, this court has noted that the primary remaining application for the common-law doctrine of *forum non conveniens* is in the case of *international* transfers from the United States to a foreign state. *Id.* at 1355 n. 15 (citing *Howe,* 946 F.2d at 947–48).

In *Terra International,* this court identified the following factors courts must consider to determine whether transfer is ap-

propriate under § 1404(a): whether the other district is a district in which the action "might have been brought," as required by the statute, 28 U.S.C. § 1404(a); "enumerated factors" in the statute, which are "convenience of the parties, convenience of the witnesses, or interests of justice," 28 U.S.C. § 1404(a); and "all relevant factors" identified from judicial interpretations, which means " 'all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.' " *Terra Int'l, Inc.,* 922 F.Supp. at 1357–58 (quoting *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 877 (3d Cir.1995), in turn citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3847); *accord Terra Int'l, Inc. v. Mississippi Chem. Corp.,* 119 F.3d 688, 691 (8th Cir.) ("The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors."), *cert. denied,* 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997).

### 3. Application of the principles

#### a. Dismissal pursuant to the forum non conveniens doctrine

█ First, the court concludes that this forum is not so inconvenient as to require dismissal of the action pursuant to the common-law doctrine of *forum non conveniens,* even if that doctrine is otherwise applicable to comparison of two domestic fora, and even if Wisconsin provides

a more convenient forum. There is an adequate alternative forum, the Western District of Wisconsin, in which the dispute can be resolved, so that the prerequisite for dismissal pursuant to the doctrine is established. *See Wells' Dairy,* 89 F.Supp.2d at 1055. However, as to the "private interest factors," the court concludes that Iowa may be less convenient, but it is not sufficiently inconvenient to warrant dismissal. This forum would not bar access to sources of proof, not least because there will be costs of obtaining the attendance of unwilling and willing witnesses in either Wisconsin or Iowa, because not all witnesses either side wants will necessarily be subject to compulsory process in either forum. *See id.* Moreover, the availability of videotaped depositions, for example, coupled with the availability of adequate facilities in this court for presentation of such depositions, limits the inconvenience likely to be imposed on witnesses if this action remains in this forum. Even more compelling to the conclusion that inconvenience of this forum for witnesses (and parties) is not a factor here is that this court has available sophisticated "real time" videoconferencing technology, which will allow witnesses at a distant location to be examined and cross-examined "live" before a jury or the court, thus maintaining the effectiveness of their testimony at considerable savings to the parties in inconveniences and costs of bringing such witnesses, willing or unwilling, to this courthouse.

The court also concludes that the possibility of view of the premises in a Wisconsin forum is of marginal importance here, because such "views" are rarely necessary and nothing about the accident that has so far been presented suggests that a view of the premises would be particularly appropriate in this case. *Id.* Furthermore, practical problems adding difficulties, delays, and expenses will be incurred in either this forum or a Wisconsin forum. *Id.* Indeed,

counsel for defendants opined during oral arguments on the pending motions that *neither* Wisconsin nor Iowa was really a convenient forum. Thus, the "private interest factors" do not favor Wisconsin in such a way as to "outweigh the deference ordinarily attended to the plaintiff's choice of forum." *Id.*

As to the "public interest factors," the court finds that there are no "administrative difficulties" that warrant dismissal in this case. *Id.* Although Iowa may have an interest in adjudicating disputes involving Iowa residents, as explained above, its interest is somewhat attenuated for purposes of the *forum non conveniens* doctrine, because the dispute here is not a "localized controversy" that should be decided in Iowa, where the dispute centers on an accident in Wisconsin. *Id.* Moreover, the court does not believe that "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action" is determinative here, because this court is perfectly capable of applying out-of-state law and has done so on numerous occasions. *Id.* Similarly, there do not appear to be any problems of conflict of laws or application of foreign law, as there appears to be no dispute that Wisconsin law applies to the claims at issue here and the court is capable of applying that state's law. *Id.* The only "public interest" factor that gives the court some pause is the last, because the court has some hesitation about imposing upon Iowa citizens the burdens of determining causes of action arising from an accident in Wisconsin. *Id.*

However, under the circumstances presented, the court cannot conclude that the defendants have met their ultimate burden of persuasion in satisfying the court that a *forum non conveniens* dismissal is appropriate. *Id.* The balance is not so strongly in favor of the defendants that the plain-

tiff's choice of forum should be disturbed, that is, the balance in favor of Wisconsin is not sufficient to "outweigh the deference ordinarily attended to the plaintiff's choice of forum." *Id.* Even if this is the "wrong" forum, the defendants waived their opportunity to challenge venue on that basis, so that the plaintiff's choice is still entitled to some deference.

Therefore, dismissal is not required pursuant to the doctrine of *forum non conveniens.*

### b. Transfer pursuant to § 1404(a)

 Similarly, the defendants have not demonstrated that transfer of this action to Wisconsin is appropriate "[f]or the convenience of the parties and witnesses" or otherwise "in the interest of justice." 28 U.S.C. § 1404(a). Although Wisconsin is undoubtedly a district in which the action "might have been brought," as required by the statute, 28 U.S.C. § 1404(a)—and Iowa is not one in which it should properly have been brought, *see* 28 U.S.C. § 1391(a)— that only establishes the prerequisite for transfer. *See Terra Int'l, Inc.,* 922 F.Supp. at 1357. As to "enumerated factors" in the statute, " 'convenience of the parties, convenience of the witnesses, [and] interests of justice,' " *id.* at 1357–58 (citing 28 U.S.C. § 1404(a)), the defendants have done no more than demonstrate that the relative inconvenience of the forum would be shifted from one side and one set of witnesses to the other side and another group of witnesses. *See id.* at 1358 ("[A] transfer shifting the inconvenience from one party to another need not be granted."). Moreover, as explained above, any inconvenience of this forum to witnesses can be substantially ameliorated by using the technological facilities of this courthouse to present videotaped depositions or "real time" testimony via videoconferencing. The defendants' concession during oral arguments that neither Wisconsin nor Iowa is a convenient forum also weighs

heavily in the court's consideration of convenience and interests of justice. Just as this court need not transfer an action, if to do so would merely transfer the inconvenience from one party to the other, *see id.,* so too, there would seem to be little reason to transfer a case where the target forum is not in fact more convenient to the party challenging the convenience of the present forum.

As to the "interest of justice," while the court believes that the federal venue statute for diversity cases, 28 U.S.C. § 1391(a), necessarily attempts to embody some concepts of fairness, and this is plainly the "wrong" venue under that statute, it is not unfair or contrary to the "interest of justice" to adhere to the status quo where the defendants waived their objection that this forum is improper and have conceded that the target forum is not necessarily more convenient.

 Similarly, considering "all relevant factors," *see Terra Int'l, Inc.,* 922 F.Supp. at 1357–58, the defendants have not shown sufficient grounds for a transfer of venue. As this court explained in *Terra International,* "Another principle of transfers under 28 U.S.C. § 1404(a) . . . is [the following]: In any determination of a motion to transfer under § 1404(a), the plaintiff's choice of a proper forum is entitled to great weight, and will not be lightly disturbed, especially where the plaintiff is a resident of the judicial district in which the suit is brought." *Id.* at 1356 (internal quotation marks and citations omitted). Even if Wisconsin provides a marginally more convenient forum, which it probably does, it is not sufficiently more convenient, and Iowa is not sufficiently inconvenient, to justify ignoring the deference or "great weight" due the resident plaintiff's choice of forum in this case. *Id.*

Therefore, the defendants' motion to dismiss or transfer based on *forum non conveniens* will be denied.

### III. CONCLUSION

The separate motions to dismiss for lack of personal jurisdiction filed on December 8, 2000, by defendants Valley Ridge and Stevens are **denied.** These defendants have sufficient contacts with this forum to satisfy due process for this court to exercise "general" personal jurisdiction over them. These defendants' May 10, 2001, joint motion to dismiss or transfer based on *forum non conveniens* is also **denied.** The defendants have not demonstrated that the balance of applicable factors warrants either a dismissal pursuant to the common-law doctrine of *forum non conveniens* or a transfer pursuant to 28 U.S.C. § 1404(a), in light of the deference due the resident plaintiff's choice of forum.

**IT IS SO ORDERED.**