**JARVIS AND SONS, INC., a Minnesota corporation, Appellant,**

v.

**FREEPORT SHIPBUILDING AND MARINE REPAIR, INC., a Florida corporation, Appellee.**

No. 91–3176.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1992.

Decided June 10, 1992.

---

John G. Westrick, St. Paul, Minn., argued, for appellant.

Patricia Anne O'Leary, Minneapolis, Minn., argued (Wayne G. Popham, on the brief), for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Jarvis & Sons, Inc., a Minnesota corporation, appeals from a final order entered in the District Court[1] for the District of Minnesota dismissing its complaint against Freeport Shipbuilding & Marine Repair, Inc., a Florida corporation, for lack of personal jurisdiction. *Jarvis & Sons, Inc. v. Freeport Shipbuilding & Marine Repair, Inc.*, Civil No. 4–91–307 (D.Minn. Aug. 12, 1991) (judgment). For reversal plaintiff argues the district court erred in dismissing its complaint for lack of personal jurisdiction because defendant had demonstrated an intent to serve the market in the forum state and had entered into a related contract with a local firm. For the reasons discussed below, we affirm the order of the district court.

The facts are not disputed. In December 1989 plaintiff contacted defendant and solicited a bid on the construction of a vessel for sightseeing cruises on the St. Croix River along the Minnesota–Wisconsin border. Defendant submitted a bid proposal by facsimile transmission (fax). Plaintiff eventually decided to modify an existing vessel for sightseeing rather than construct a new one; in April 1990 plaintiff bought a suitable vessel in New York. In May 1990, after additional telephone calls and faxes, plaintiff and defendant executed in Florida a contract for the modification of the vessel. Plaintiff delivered the vessel to defendant's yard in Florida, and the work proceeded. In July 1990 plaintiff became dissatisfied with defendant's work (there

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

were disputes about cost overruns and work delays) and removed the vessel to Minnesota. The Coast Guard in Minnesota found the vessel did not comply with certain stability regulations and refused to certify it for its intended use. In an attempt to settle the dispute, defendant hired a Minnesota naval engineering firm, Marine Technology, Inc., at its own expense, to conduct an independent stability study of the vessel.

In May 1991, after additional repair work, the vessel was certified by the Coast Guard. Plaintiff then filed this action in Minnesota state court, alleging breach of contract, negligence and fraud. Defendant removed the case to federal district court on the basis of diversity jurisdiction and filed a motion to dismiss for lack of personal jurisdiction. Because the reach of the Minnesota long-arm statute is co-extensive with the due process clause,[2] the district court proceeded directly to the constitutional analysis. The district court found that plaintiff had solicited the bid proposal from defendant, defendant had no office or agent or representative or employees in Minnesota, none of defendant's employees had ever visited Minnesota in connection with the contract, the contract had been negotiated and executed in Florida, all the repair work had been performed in Florida, and defendant's contract with a local firm was a collateral agreement which was insufficient to confer personal jurisdiction over defendant in this lawsuit. The district court concluded that the contacts between defendant and the forum state were insufficient for purposes of due process and granted the motion to dismiss. This appeal followed.

Plaintiff argues the district court erred in dismissing its complaint for lack of personal jurisdiction. Plaintiff argues there were sufficient minimum contacts between defendant and the forum state because defendant designed the customized modification work on the vessel specifically for the river sightseeing market in Minnesota and thus demonstrated an intent to serve the market in the forum state. Plaintiff also argues that defendant's contract with Marine Technology, Inc., a local firm, was related to its contract with defendant and thus sufficient to support personal jurisdiction over defendant in this lawsuit. Plaintiff further argues that Minnesota has a strong interest in this litigation because plaintiff is a local corporation, the vessel is berthed in the state, and most of its passengers are Minnesota residents.

■ Under the due process clause personal jurisdiction over a nonresident defendant is proper only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), *citing Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940); *see, e.g., Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir.1991) (*Barkbuster; Falkirk Mining Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 373 (8th Cir.1990). "[M]inimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 109, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987) (*Asahi*), *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (*Burger King*) (*citing Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). "The 'substantial connection' ... between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.*" *Asahi*, 480 U.S. at 112, 107 S.Ct. at 1032 (emphasis in original), *citing Burger King*, 471 U.S. at 476, 105 S.Ct. at 2184, *and Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984).

---

**2.** *E.g., Land–O–Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir.1983).

**1250**

We agree with the district court that there were insufficient minimum contacts between defendant and the forum state. As noted by the district court, defendant has no office or agent or representative or employees in Minnesota; none of defendant's employees has ever visited Minnesota in connection with the contract; the contract was negotiated, executed and performed in Florida; all the modification work was performed, or, as alleged by plaintiff, not performed in breach of the contract, in Florida.

In addition, assuming the relevant market is river sightseeing in Minnesota, plaintiff failed to demonstrate any action by defendant to purposefully avail itself of this particular market. *See Asahi*, 480 U.S. at 112–13, 107 S.Ct. at 1032–33. As noted by the district court, plaintiff solicited the bid from defendant. Defendant does not do business in Minnesota and maintains no office or agent or employees in Minnesota. There is no evidence that defendant designed the modification of the vessel in anticipation of contracts for similar work in Minnesota or that it has attempted to solicit business or market its shipbuilding services in Minnesota.

We also agree with the district court that the contract between defendant and a local firm for an independent stability study was collateral to the contract between plaintiff and defendant for the modification of the vessel that is the basis for this lawsuit and thus could not support the exercise of personal jurisdiction over defendant in the present case. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416–17, 104 S.Ct. 1868, 1872–73 (1984) (purchases of equipment and training services from forum resident by nonresident defendant held insufficient to support personal jurisdiction over nonresident defendant in cause of action not related to those purchases); *Barkbuster*, 923 F.2d at 1281–82 (sales contract between forum resident and nonresident defendant held insufficient to support personal jurisdiction over nonresident defendant in personal injury action); *cf. Wines v. Lake Havasu Boat Manufacturing, Inc.*, 846 F.2d 40, 43 (8th

Cir.1988) (per curiam) (entering into contract with forum resident does not provide requisite minimum contacts between nonresident defendant and forum state).

Accordingly, the order of the district court dismissing the complaint for lack of personal jurisdiction is affirmed.