**Norman W. WAITT, Jr., Plaintiff,**

v.

**SPEED CONTROL, INC.; James H. Berglund; Eugene F. Huse, Jr.; Ned D. Mills; Robert N. Tomchuck; and Louis E. Barton, Defendants.**

**Norman W. Waitt, Jr., Plaintiff,**

v.

**Thomas C. Levitt, Defendant/Counterclaimant and Third Party Plaintiff.**

v.

**Matthew L. Rix and Steven W. Seline, Third–Party Defendants.**

No. C–00–4060–MWB, C–00–4087–MWB.

United States District Court, N.D. Iowa, Western Division.

Jan. 25, 2002.

Theodore R. Boecker, Jr., Sherrets Law Office, Omaha, NE, for plaintiff.

Maurice B. Nieland, Rawlings, Neiland, Probasco, Killinger, Ellwanger Jacobs, et al., Sioux City IA, Theodore R. Boecker, Jr., Sherrets Law Office, Omaha, NE, for defendants.

## MEMORANDUM OPINION AND ORDER REGARDING THIRD–PARTY DEFENDANTS' MOTIONS TO DISMISS

BENNETT, Chief Judge.

## TABLE OF CONTENTS

I.  *INTRODUCTION* ............................................... 952
   A.   *Procedural Background* ........................................ 952
   B.   *Facts Related Solely To Question Of Personal Jurisdiction* ............... 953

II. *LEGAL ANALYSIS* ............................................. 953
   A.   *Personal Jurisdiction* ........................................ 954
       1.  *Long-arm authority* ..................................... 954
       2.  *Minimum Contacts* ..................................... 955
          a.  *Specific v. general jurisdiction* ........................ 956
          b.  *The five factor test* ................................. 956
   B.   *Analysis* ................................................ 957
       1.  *Analysis of the five factor test with respect to Seline* .............. 957
          a.  *Quantity, Quality, and relatedness of contacts* ............... 957
          b.  *Secondary factors* .................................. 958
       2.  *Analysis of the five factor test with respect to Rix* ................ 958

III. *CONCLUSION* ............................................... 959

## I.  INTRODUCTION

### A.  Procedural Background

On June 13, 2000, plaintiff Norman W. Waitt filed a diversity lawsuit against Speed Control, Inc., James H. Berglund, Eugene F. Huse, Jr., Ned D. Mills, Robert N. Tomchuck, and Louis E. Barton, C–00–4060–MWB ("the Speed Control Case"). In the Speed Control Case, plaintiff Waitt alleges that officers and directors of Speed Control, Inc. made false and misleading representations to him in order to induce him to make certain investments in Speed Control, Inc.

Subsequently, plaintiff Norman W. Waitt filed a diversity lawsuit on August 25, 2000, against his former legal counsel, Thomas C. Levitt, C–00–4087–MWB ("the Levitt Case"). In the Levitt Case, plaintiff Waitt alleges in his complaint that defendant Levitt breached his fiduciary duties to him and committed legal mal-

practice with regard to investment advice he gave to Waitt with respect to Speed Control, Inc. Defendant Levitt filed an answer to the complaint and a counterclaim against Waitt for unpaid legal services, defamation, and abuse of process. On May 24, 2001, Levitt amended his answer and asserted a third-party complaint against Matthew L. Rix and Steven W. Seline alleging claims for defamation, and abuse of process, and intentional interference with a contractual relationship. Rix and Seline have each filed a motion to dismiss the third-party complaint against him. In their respective motions to dismiss, Rix and Seline each assert that he has insufficient minimum contacts within the state of Iowa to establish personal jurisdiction and therefore the third-party complaint against him should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). Both Rix and Seline also move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Levitt has filed resistances to Rix's and Seline's motion to dismiss in which he asserts that the court has personal jurisdiction over Rix and that Levitt's third-party complaint against Rix states a claim.

### B. Facts Related Solely To Question Of Personal Jurisdiction

Rix and Seline have each supplied an affidavit in support of his respective request to dismiss the third-party complaint on the ground of lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). The court has extracted the following facts from the record, which relate to Rix's or Seline's contacts with the state of Iowa.

Norman W. Waitt, Jr. is a citizen of the state of South Dakota. Defendant Levitt resides and practices law in the state of California. Matthew L. Rix is a resident of New Mexico. Rix has acted as an agent for Waitt in a business and professional capacity. Rix does not own property in the state of Iowa nor has he conducted any personal business in the state. He has never had any visit to Iowa which was related to Speed Control or Levitt. Rix has never met Levitt in the state of Iowa nor had any meetings with Norm Waitt, Steve Seline, James Berglund, Jerry Huse, Robert Tomchuck, Ned Mills or Louis Barton in Iowa. Rix engaged in no conduct relating to Levitt in Iowa. Any telephone conversations Rix has had with Levitt or any third party regarding Levitt have been when Rix was not located in the state of Iowa.

Seline is a resident of the state of Nebraska and a licensed attorney in that state. He is not licensed to practice law in Iowa nor has he ever lived in the state of Iowa. He does not own property in Iowa nor has he conducted any personal business in the state of Iowa. Seline was formerly associated with the law firm of Kutak Rock in Omaha, Nebraska. In his capacity as an attorney with Kutak Rock, Seline represented Waitt on occasion. He made one visit to Iowa related to Waitt's investment in Speed Control. Seline attended a meeting, in the summer of 1997, at Okoboji, Iowa, in his capacity as an attorney employed by the Kutak Rock law firm. He attended the meeting as Waitt's attorney and at Waitt's request. At this meeting, representatives of Speed Control discussed their company and product with Waitt.

Seline has had no contact with Levitt in the state of Iowa. Any telephone conversations Seline has had with Levitt or any third party regarding Levitt have been while Seline has been in Omaha, Nebraska, or a location outside the state of Iowa.

### II. LEGAL ANALYSIS

The court will turn first to consideration of the third-party defendants' respective

motions to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). If the court concludes that personal jurisdiction exists as to either Rix or Seline, the court will then consider that third-party defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## A. Personal Jurisdiction

■ Although the ultimate burden of proof on the issue of jurisdiction falls upon Levitt, a nonmoving party need only make a *prima facie* showing of jurisdiction to defeat a motion to dismiss. *See St. Paul Fire And Marine Ins. Co. v. Courtney Enter., Inc.*, 270 F.3d 621, 623 (8th Cir. 2001); *Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir.1998); *Digi–Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir.1996); *Wessels, Arnold & Henderson v. National Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir.1995); *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 914 (8th Cir.1994); *Barone v. Rich Bros. Interstate Display Fireworks Co.*, 25 F.3d 610, 612 (8th Cir.), *cert. denied sub nom. Hosoya Fireworks Co., Ltd. v. Barone*, 513 U.S. 948, 115 S.Ct. 359, 130 L.Ed.2d 313 (1994); *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir.1994); *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir.1991). Jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. *See Dakota Indus., Inc.*, 946 F.2d at 1387; FED. R. CIV. P. 12(b)(2). If, as here, the court does not hold a hearing and instead relies on pleadings and affidavits, the court must view the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party. *See id.; General Elec. Capital Corp. v. Grossman*, 991 F.2d 1376, 1387 (8th Cir.1993) (citing *Dakota Indus.*); *Med–Tec, Inc. v. Kostich*, 980 F.Supp. 1315, 1326 (N.D.Iowa 1997);

*Woodke v. Dahm*, 873 F.Supp. 179, 192 (N.D.Iowa 1995).

■ The determination of whether or not a federal court has personal jurisdiction over a nonresident defendant involves a two-step analysis. *Genetic Implant Sys., Inc. v. Core–Vent Corp.*, 123 F.3d 1455, 1457–58 (Fed.Cir.1997); *Minnesota Mining and Mfg. Co. v. Nippon Carbide Indus. Co.*, 63 F.3d 694, 697 (8th Cir.1995), *cert. denied*, 516 U.S. 1184, 116 S.Ct. 1288, 134 L.Ed.2d 232 (1996); *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir.1995); *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir.), *cert. denied*, 506 U.S. 908, 113 S.Ct. 304, 121 L.Ed.2d 227 (1992); *Wines v. Lake Havasu Boat Mfg., Inc.*, 846 F.2d 40, 42 (8th Cir.1988). First, the court must decide whether the facts satisfy the forum state's long-arm statute. *Northrup King Co.*, 51 F.3d at 1387; *Wines*, 846 F.2d at 42. If the statute has been satisfied, then the court must address whether the facts show that the nonresident has minimum contacts with the forum state such that the court's exercise of jurisdiction would be fair and in accordance with the due process clause of the Fourteenth Amendment. *Northwest Airlines, Inc. v. Astraea Aviation Serv.'s, Inc.*, 111 F.3d 1386, 1390 (8th Cir.1997); *Moog World Trade Corp. v. Bancomer, S.A.*, 90 F.3d 1382, 1384 (8th Cir.1996); *Genetic Implant Sys., Inc.*, 123 F.3d 1455, 1457–58; *Northrup King Co.*, 51 F.3d at 1387; *Soo Line R.R. Co. v. Hawker Siddeley Canada, Inc.*, 950 F.2d 526, 528 (8th Cir.1991); *Wines*, 846 F.2d at 42.

### 1. Long-arm authority

In this case, the long-arm authority for defendant's service was Iowa Rule of Civil Procedure 56.2, which gives Iowa courts jurisdiction to the fullest constitutional ex-

tent.[1] *See Larsen v. Scholl,* 296 N.W.2d 785, 788 (Iowa 1980); *Aquadrill, Inc. v. Envtl. Compliance Consulting Serv.'s, Inc.,* 558 N.W.2d 391, 392 (Iowa 1997) (citing *Larsen*). Because the rule has been interpreted to confer jurisdiction to the fullest extent permitted by the due process clause, the personal jurisdiction inquiry here collapses into the single question of whether exercise of personal jurisdiction comports with due process. *See Bell Paper Box, Inc. v. U.S. Kids, Inc.,* 22 F.3d 816, 818 (8th Cir.1994).

### 2. Minimum Contacts

Under the due process clause, the constitutional touchstone is whether either third-party defendant has established sufficient minimum contacts with Iowa such that the exercise of jurisdiction here does not offend traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Northwest Airlines, Inc.,* 111 F.3d at 1390. In determining minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). In *Dakota Indus.,* the Eighth Circuit Court of Appeals summarized these due process requirements:

> In a series of cases following *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court has elucidated the "minimum contacts" standard that must be satisfied before a nonresident can be subjected to the jurisdiction of a state's courts. Due process requires that out-of-state defendants have " 'fair warning' " that they could be "haled into" court in a foreign jurisdiction. This requirement "is satisfied if the defendant had 'purposefully directed' his activities at residents of the forum ... and the litigation results from alleged injuries that 'arise out of or relate to' those activities."
>
> The contacts with the forum state must be more than " 'random,' " " 'fortuitous,' " or " 'attenuated.' " The due process clause forecloses personal jurisdiction unless the actions of the "defendant himself ... create [d] a 'substantial connection' with the forum State." Once the court has found that the defendant purposefully established the requisite minimum contacts with the forum state, the court still must determine whether assertion of jurisdiction comports with " 'fair play and substantial justice.' "

*Dakota Indus.,* 946 F.2d at 1389 (citations omitted); *see also Jarvis and Sons, Inc. v. Freeport Shipbuilding and Marine Repair, Inc.,* 966 F.2d 1247, 1249–50 (8th Cir.1992) (citing same standards); *Gould,* 957 F.2d at 575–76 (citing same standards).

In assessing a defendant's "reasonable anticipation" of being haled into court, there must be "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Bell Paper,* 22 F.3d at 818; *Northrup King Co.,* 51 F.3d at 1386–87; *accord Burger King,* 471 U.S.

---

1. Rule 56.2 provides, in pertinent part, that [e]very corporation, individual, personal representative, partnership or association that shall have the necessary minimum contact with the state of Iowa shall be subject to the jurisdiction of the courts of this state, and the courts of this state shall hold such corporation, individual, personal representative, partnership or association amenable to suit in Iowa in every case not contrary to the provisions of the Constitution of the United States.
   Iowa R. Civ. P. 56.2.

at 474–75, 105 S.Ct. 2174 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

### a. Specific v. general jurisdiction

■ There are two broad types of personal jurisdiction: specific jurisdiction and general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Bell Paper,* 22 F.3d at 819. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. 1868. Specific jurisdiction may not be exercised where none of the actions complained of occurred within or had any connection to the forum state. *Sondergard v. Miles, Inc.,* 985 F.2d 1389, 1392 (8th Cir.1993). The non-resident's contacts with the forum may be based on contacts by its representative, in light of the Supreme Court's conclusion that "when commercial activities are carried on in behalf of an out-of-state party those activities may sometimes be ascribed to the party, at least where [it] is a primary participant in the enterprise and has acted purposefully in directing those activities." *Burger King Corp.,* 471 U.S. at 480 n. 22, 105 S.Ct. 2174.

■ In contrast, general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose. *Id.* at 415, 104 S.Ct. 1868. For general jurisdiction to exist, the non-resident defendant must be engaged in "continuous and systematic contacts" within the forum. *Helicopteros,* 466 U.S. at 416, 104 S.Ct. 1868. "In this situation the forum state has no direct interest in the specific cause of action asserted. Accordingly, contacts of a more extensive quality and nature are required." *Dalton v. R &*

*W Marine, Inc.,* 897 F.2d 1359, 1362 (5th Cir.1990).

### b. The five factor test

■ The test for evaluating the propriety of personal jurisdiction under the due process clause requires the court to consider the following five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Guinness Import Co. v. Mark VII Distributors, Inc.,* 153 F.3d 607, 613 (8th Cir.1998); *Aylward v. Fleet Bank,* 122 F.3d 616, 618 (8th Cir. 1997); *Burlington Indus., Inc. v. Maples Indus.,* 97 F.3d 1100, 1102 (8th Cir.1996); *Wessels, Arnold & Henderson v. National Med. Waste, Inc.,* 65 F.3d 1427, 1432 (8th Cir.1995); *Minnesota Mining & Mfg.,* 63 F.3d at 697; *Northrup King Co.,* 51 F.3d at 1388; *Bell Paper,* 22 F.3d at 818; *Gould,* 957 F.2d at 576 (citing *Aaron Ferer & Sons Co. v. Diversified Metals Corp.,* 564 F.2d 1211, 1215 (8th Cir.1977)); *Dakota Indus.,* 946 F.2d at 1390; *Land–O–Nod Co. v. Bassett Furniture Indus., Inc.,* 708 F.2d 1338 (8th Cir.1983). Of these factors, the first three are the most important. *Digi–Tel Holdings, Inc. v. Proteq Telecommunications, Ltd.,* 89 F.3d 519, 523 (8th Cir.1996); *Nippon Carbide Indus. Co.,* 63 F.3d at 697; *Northrup King Co.,* 51 F.3d at 1388; *Dakota Indus.,* 946 F.2d at 1390. In particular, the Eighth Circuit Court of Appeals has concluded that a defendant has insufficient contacts with the forum state where the defendant has no office or agent or representative or employees in the forum state, does not do business in the forum state, *Jarvis and Sons v. Freeport Shipbuilding,* 966 F.2d 1247, 1250 (8th Cir.1992), has no bank accounts or property in the forum, does not advertise

or solicit any business in the state, and does not design products for use in the state. *Gould,* 957 F.2d at 576.

## B. Analysis

### 1. Analysis of the five factor test with respect to Seline

Here, Levitt makes no allegation that his causes of action against Seline arise from and are related to any actions taken by Seline within the forum state, so that "specific jurisdiction" is not at issue. Rather, Levitt appears to premise his assertion that the court has personal jurisdiction over Seline on general jurisdiction. Therefore, the court turns to consider the five factor test for evaluating the propriety of personal jurisdiction.

#### a. Quantity, Quality, and relatedness of contacts

Levitt points to two facts as establishing sufficient contacts by Seline to permit the court to entertain personal jurisdiction over him. First, Levitt notes that in the summer of 1997, Seline made one trip to Iowa as Waitt's attorney which was related to Waitt's investment in Speed Control. At this meeting, representatives of Speed Control discussed their company and product with Waitt. Levitt also points to the fact that Seline, as Waitt's attorney, was instrumental in Waitt's decision to bring suit in Iowa, which forms the basis for Levitt's claim of abuse of process. In response, Seline asserts that he does not have the requisite contacts with the state of Iowa to support the assertion of personal jurisdiction over him by this court. Moreover, Seline contends that the fiduciary-shield doctrine precludes exercise of personal jurisdiction over him as a nonresident attorney.

As noted above, the court must look at facts in the light most favorable to Levitt as the non-moving party and resolve all factual conflicts in favor of him. *Dakota*

*Indus., Inc.,* 946 F.2d at 1387. Upon such consideration, the court finds that Seline's visits to the forum are insufficient to support personal jurisdiction because they are too few in number and too slight in quality. *See Sybaritic, Inc. v. Interport Int'l, Inc.,* 957 F.2d 522, 524 (8th Cir.1992) (defendant's two day trip to forum to examine plaintiff's facilities and subsequent telephone and mail communications insufficient contact); *Morris v. Barkbuster, Inc.,* 923 F.2d 1277, 1279 (8th Cir.1991) (defendant's employees' three trips to forum insufficient contact); *see also Landoil Resources Corp. v. Alexander & Alexander Serv., Inc.,* 918 F.2d 1039, 1045 (2d Cir. 1990) (holding that thirteen business trips of short duration, by different employees, for number of accounts did not confer personal jurisdiction over defendant); *Aquascutum of London, Inc. v. S.S. American Champion,* 426 F.2d 205, 211–12 (2d Cir. 1970) (holding that visits to solicit business in New York "every few months" insufficient to sustain jurisdiction). Although "territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there," *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), visits to the forum state are not determinative. *Austad Co. v. Pennie & Edmonds,* 823 F.2d 223, 226–27 (8th Cir.1987) (contacts insufficient for jurisdiction even though defendant made visits to forum state). Here, Seline's contacts with this forum have been nothing more than "fortuitous." Seline is a resident of the state of Nebraska and a licensed attorney in that state. He is not licensed to practice law in Iowa. While associated with the law firm of Kutak Rock and while acting in his capacity as an attorney with Kutak Rock representing Waitt, he attended a meeting, in the summer of 1997, at Okoboji, Iowa, at which representatives of Speed Control discussed

their company and product with Waitt.[2] These limited contacts with the state of Iowa lead the court to conclude that Seline lacks "minimum contacts" with the state of Iowa upon which to base personal jurisdiction. Finally, with respect to the third factor, the court finds a lack of any connection between Seline's contacts with the forum and the cause of action against him.

### b. Secondary factors

Turning briefly to the factors of secondary importance, the interest of the forum state in providing a forum for its residents, and the convenience of the parties, *Guinness Import Co.*, 153 F.3d at 613 ("The fourth and fifth factors are of secondary importance and not determinative."), the court finds no reason to alter its determination not to exercise personal jurisdiction in this case over Seline. With respect to the fourth factor in the test, the court finds that Iowa has only a modicum of interest in resolution of a dispute concerning a claim of abuse of process which does not involve the actual party bringing the disputed action. The fifth factor, convenience of the parties, is not determinative

here, since neither Levitt nor Seline is a resident of the state of Iowa.[3]

The court finds that Levitt has failed to establish that Seline's contacts were sufficient in quantity or quality or sufficiently persistent over a period to time to "create a 'substantial connection' with the forum State," and therefore the assertion of jurisdiction in this case over Seline would not comport with "fair play and substantial justice." *Dakota Indus.*, 946 F.2d at 1389. The third-party complaint against Seline must therefore be dismissed for lack of personal jurisdiction.

### 2. Analysis of the five factor test with respect to Rix

With respect to Rix, Levitt also makes no allegation that his causes of action against Rix arise from and are related to any actions taken by Rix within the state of Iowa. Thus, the court concludes that "specific jurisdiction" is not at issue. Instead, Levitt again appears to premise his assertion that the court has personal jurisdiction over Rix on general jurisdiction. Therefore, the court must again consider the five factors to determine if the

---

**2.** In his supplemental resistance, Levitt seeks to establish personal jurisdiction based on statements in Waitt's deposition in which it is disclosed that Seline is Vice Chairman of Waitt Radio which has a number of radio stations located in Iowa. While this fact may establish a basis for personal jurisdiction over Waitt Radio in Iowa, it does not detail any specific contact by Seline with the state of Iowa.

**3.** Because the court finds that Seline lacks minimum contacts with the forum to support personal jurisdiction, the court need not decide whether Iowa would in any event decline personal exercise jurisdiction over Seline even if the Constitution permitted it based on the fiduciary shield doctrine. Iowa has adopted the fiduciary shield doctrine, *see Whalen v. Connelly*, 545 N.W.2d 284, 295 (Iowa 1996), under which "a nonresident corporate agent is not individually subject to the

forum state's in personam jurisdiction if that individual's only contact with the state is by virtue of his acts as a fiduciary of the corporation." *Id; see State ex rel. Miller v. Internal Energy Management Corp.*, 324 N.W.2d 707, 710–11 (Iowa 1982). The doctrine serves to prevent the "perceived unfairness" of forcing an individual to defend a lawsuit brought against him or her personally in a forum in which the individual performed the only relevant contacts for the benefit of his or her employer and not for the individual's own benefit. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1163 (N.D.Ill.1995); *Brujis v. Shaw*, 876 F.Supp. 975, 977 (N.D.Ill.1995). Iowa, however, has only recognized the fiduciary shield doctrine in cases where the individual is acting a corporate agent. It is unclear whether Iowa would expand the doctrine to cover professionals, such as Seline, acting as an agent for an individual client.

assertion of personal jurisdiction over Rix is proper.

Rix's contacts with the state of Iowa are even more attenuated than those of Seline. Rix is a resident of New Mexico and has acted as an agent for Waitt in a business and professional capacity. Rix does not own property in the state of Iowa nor has he conducted any personal business in the state. Moreover, unlike Seline, he has never had any visit to Iowa which was related to Speed Control or Levitt. Any telephone conversations Rix has had with Levitt or any third party regarding Levitt have been when Rix was not located in the state of Iowa. In resistance to Rix's motion to dismiss, Levitt contends that Rix's involvement in Waitt's investments in general and Speed Control in particular establish sufficient contacts with the forum which would permit the court to maintain personal jurisdiction over him. The flaw in this assertion lies in the fact that none of Rix's involvement in Waitt's Speed Control investment occurred in Iowa. Similarly, the fact that Rix had input into Waitt's other investments does not establish that he had any contact with the forum.

With respect to the third factor, the court finds a lack of any meaningful connection between Rix's contacts with the state of Iowa and the cause of action. Turning briefly to the fourth factor in the test, as the court noted above, the court finds that Iowa has an negligible interest in resolution of a dispute concerning a claim of abuse of process which does not involve the actual party who brought the disputed action. Finally, as to the fifth factor, convenience of the parties, the court finds that this factor is inconsequential here, since neither Levitt nor Rix is a resident of the state of Iowa.

Thus, the court finds that Levitt has failed to establish that Rix's contacts were sufficient in quantity or quality or sufficiently persistent over a period to time to establish personal jurisdiction over him in this forum. Therefore, the third-party complaint against Rix must also be dismissed for lack of personal jurisdiction.[4]

### III. CONCLUSION

In considering third-party defendant Seline's motion to dismiss on the ground he has insufficient minimum contacts within the state of Iowa to establish personal jurisdiction, the court concludes that Levitt has failed to establish a *prima facie* case that this court may exercise personal jurisdiction over third-party defendant Seline. Therefore, because the due process clause prohibits the exercise of personal jurisdiction over third-party defendant Seline, third-party defendant Seline's motion to dismiss for lack of personal jurisdiction is **granted**. Further, in assessing third-party defendant Rix's motion to dismiss for lack of personal jurisdiction, the court also concludes that Levitt has failed to establish a *prima facie* case that this court has personal jurisdiction over third-party defendant Rix. Therefore, third-party defendant Rix's motion to dismiss for lack of personal jurisdiction is also **granted**. Levitt's third-party claims against Seline and Rix are therefore dismissed in their entirety.

**IT IS SO ORDERED.**

4. Because the court has resolved the motions to dismiss on the basis of personal jurisdiction, the court will not address those portions of Rix's and Seline's respective motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).